nation unanimously modified by eliminating the forfeiture of petitioner's bond in the amount of $500 and, further, by reducing the penalty to a 15-day suspension and as so modified, determination confirmed, without costs. Memorandum: In this article 78 proceeding, review is sought of respondent's determination which canceled petitioner's retail beer license and invoked a forfeiture of its bond in the amount of $500. This proceeding was transferred to this court pursuant to CPLR 7804 (subd. [g]). In our opinion the penalty was too severe in the light of all the circumstances. (Review of determination canceling license, transferred by order of Oneida Special Term.) Present — Goldman, P. J., Witmer, Gabrielli, Moule and Henry, JJ.

■ In the Matter of FRANKLIN L. WILLIAMSON et al., Doing Business as WILLIAMSON'S MARKET, Petitioners, v. STATE LIQUOR AUTHORITY, Respondent.— Determination unanimously modified by eliminating the forfeiture of petitioners' bond in the amount of $500 and, further, by reducing the penalty to a 15-day suspension and as so modified determination confirmed, without costs. Same memorandum as in *Matter of Stemmer* v. *State Liq. Auth.* (33 A D 2d 984). (Review of determination canceling license, transferred by order of Oneida Special Term.) Present — Goldman, P. J., Witmer, Gabrielli, Moule and Henry, JJ.

■ In the Matter of LEON M. CARY, JR., Doing Business as CARY'S FOODLAND, Petitioner, v. STATE LIQUOR AUTHORITY, Respondent.— Determination insofar as it presents charge No. 1 for review unanimously annulled and charge No. 1 dismissed. Determination insofar as it presents charge No. 2 for review unanimously modified by eliminating the forfeiture of petitioner's bond in the amount of $500 and, further, by reducing the penalty to a 15-day suspension and as so modified, determination confirmed, without costs. Memorandum: In this article 78 proceeding, review is sought of respondent's determination which canceled petitioner's retail beer license and invoked a forfeiture of its bond in the amount of $500. This proceeding was transferred to this court pursuant to CPLR 7804 (subd. [g]). The record is barren of any evidence to sustain charge No. 1 and it should be dismissed. While under the circumstances here present, the petitioner may have lacked an understanding of the need for the requirements set forth in the Authority's rule No. 36 (9 NYCRR 53.1), there is evidence to sustain charge No. 2. In our opinion, however, the penalty was too severe in the light of all the circumstances. (Review of determination canceling license, transferred by order of Oneida Special Term.) Present — Goldman, P. J., Witmer, Gabrielli, Moule and Henry, JJ.

■ In the Matter of TOP WAY FOODS, INC., Petitioner, v. STATE LIQUOR AUTHORITY, Respondent.— Determination unanimously modified by eliminating the forfeiture of petitioner's bond in the amount of $500 and, further, by reducing the penalty to a 15-day suspension and as so modified determination confirmed, without costs. Same memorandum as in *Matter of Stemmer* v. *State Liq. Auth.* (33 A D 2d 984). (Review of determination canceling license, transferred by order of Oneida Special Term.) Present — Goldman, P. J., Witmer, Gabrielli, Moule and Henry, JJ.

■ In the Matter of HANDY DANDY FOODS, INC., Petitioner, v. STATE LIQUOR AUTHORITY, Respondent.— Determination unanimously modified by eliminating the forfeiture of petitioner's bond in the amount of $500 and, further, by reducing the penalty to a 15-day suspension and as so modified determination confirmed, without costs. Same memorandum as in *Matter of Stemmer* v. *State Liq. Auth.* (33 A D 2d 984). (Review of determination canceling license transferred by order of Oneida Special Term.) Present — Goldman, P. J., Witmer, Gabrielli, Moule and Henry, JJ.